Bradley J. Stevens, #006723
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911
Facsimile: (602) 495-2654
Email: bstevens@jsslaw.com
*Proposed Counsel for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>THE ERA MAE BARNES COTTON FARM LIMITED PARTNERSHIP, L.L.P.,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2-10-bk-00159-SSC<br><br>**APPLICATION TO EMPLOY JENNINGS, STROUSS & SALMON, P.L.C. AS COUNSEL FOR DEBTOR/DEBTOR-IN-POSSESSION** |

The Era Mae Barnes Cotton Farm Limited Partnership, L.L.P. ("Debtor") petitions the Court to approve its Application to Employ Jennings, Strouss & Salmon, P.L.C. ("JSS" or "Firm") as counsel for Debtor/Debtor-in-Possession to provide the services set forth herein.

**I.  BACKGROUND.**

On January 5, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code.

The Debtor continues to operate and manage its property pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code as Debtor and Debtor-in-possession.

**II.  RELIEF REQUESTED.**

1.  By this Application, the Debtor seeks to employ and retain JSS as counsel in connection with their Chapter 11 bankruptcy case and for the performance of legal services as set

forth in Paragraph 5 herein. JSS has stated that it is willing to serve as counsel to Debtor and to receive compensation and reimbursement in accordance with its customary billing rates and practices for services rendered and actual and necessary expenses incurred on behalf of Debtor, in accordance with provisions of §§ 327, 330, and 331 of the Bankruptcy Code. Such compensation and reimbursement will be paid from the Debtor's estate (as the Court may approve, consistent with the Bankruptcy Code and Bankruptcy Rules).

2. The Debtor seeks to retain the Firm as its bankruptcy counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code and because of the Firm's expertise, experience and knowledge practicing before this Court in representing Chapter 11 debtors. Accordingly, JSS is well-qualified to represent the Debtor.

3. Subject to court approval in accordance with Bankruptcy Code § 330(a), compensation will be payable to the Firm on an hourly rate basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm as agreed to between the Firm and the Debtor. The professionals who will likely work on Debtor's case and their hourly rates for this case are:

| | |
|---|---|
| Bradley J. Stevens | $400 per hour |
| Todd B. Tuggle | $350 per hour |
| Todd M. Adkins | $250 per hour |
| Kerry A. Hodges | $200 per hour |

The rates of the attorneys and paralegals that may be involved in the case are similar to those charged for services rendered in all matters handled by JSS and are competitive with those charges by other firms for services comparable to those provided by JSS. The rates of JSS are adjusted from time to time.

4. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation,

envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, transcription costs, charges related to conference calls hosted by the Firm. The Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

5. The professional services that the Firm will render to the Debtor include, but shall not be limited to, the following:

a) to assist, advise and represent Debtor in connection with the administration of their case;

b) to advise Debtor with respect to their power and duties as Debtor and Debtor-in possession in the continued management and operation of their business and properties;

c) to attend meetings and negotiate with representatives of creditors and other parties-in-interest;

d) to take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

e) prepare on behalf of the Debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

f) negotiate, solicit and obtain court approval on the Debtor's behalf plan(s) of reorganization, disclosure statements, and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

g) appear before this Court, any appellate courts, and the United States Trustee, and protect the interests of the Debtor's estate before such courts and the United States Trustee; and

h) perform all other legal services and provide all other necessary legal advice to the Debtor in connection with the Chapter 11 case.

6. It is the view of the Debtor that, considering the size and complexity of this case and the various interests involved, representation of the Debtor by JSS as counsel is necessary and advisable. JSS has taken, and will continue to take, steps to insure that the services it performs for Debtor are provided efficiently and without unnecessary duplication of effort and overlap.

7. To the best of the Debtor's knowledge, and except as disclosed in the Verified Statement of Bradley J. Stevens ("Stevens Statement") filed contemporaneously herewith, the Firm has no prior connection with the Debtor, its creditors or any other party-in-interest, or its respective attorneys or accountants in the matters upon which the Firm is to be engaged that would in any way disqualify it from representing the Debtor.

8. Based on the foregoing, the Debtor submits that the retention of JSS as counsel would be in the best interest of the Debtor's estate and creditors.

9. No previous applications by Debtor for employment of JSS have been made to this or any other Court. This Court has jurisdiction to hear this Application pursuant to 28 U.S.C. §§ 157 and 1334.

III. **CONCLUSION.**

WHEREFORE, Debtor requests entry of an Order, substantially in the form submitted herewith, authorizing the Debtor to employ and retain the law firm of Jennings, Strouss & Salmon, P.L.C., effective as of the filing date of this Application as counsel to perform the legal services described herein and granting such other and further relief as is just and proper.

DATED as of January 6, 2010.

/s/ Euell Lyle Barnes
Euell Lyle Barnes for ELB, L.L.C., General Partner